1　JOHN R. SOMMER (SBN 106355)
　　ATTORNEY-AT-LAW
2　17426 Daimler Street
　　Irvine, CA 92614
3　(949) 752-5344; fax: (949) 752-5439

4　Attorney for Plaintiff and Counter-Defendant
　　UNDEFEATED, INC.

5
　　BRENT H. BLAKELY (SBN 157292)
6　CINDY CHAN (SBN 247495)
　　BLAKELY LAW GROUP
7　915 North Citrus Ave.
　　Hollywood, CA  90038
8　(323) 464-7400; Fax: (323) 464-7410

9　Attorneys for Defendant, Counterclaimant
　　Third Party Plaintiff UNCL, LLC

10
11　WILLIAM E. HALLE (SBN 150686)
　　O'NEIL LLP
　　19900 MacArthur Blvd., Suite 1050
12　Irvine, CA 92612
　　(949) 798-0500; Fax: (949) 798-0511
13
　　Attorney for Third Party Defendant
14　JOHN R. SOMMER

15

16　　　　　　UNITED STATES DISTRICT COURT

17　　　　　CENTRAL DISTRICT OF CALIFORNIA

18　　　　　　　　SOUTHERN DIVISION

19

| | |
|---|---|
| UNDEFEATED, INC., | CASE NO. SACV 12-1622 PA (RZx) |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER** |
| v. | |
| UNCL, LLC, | [Proposed Protective Order Submitted Concurrently Herewith] |
| Defendant. | |
| UNLC, LLC, a California Limited Liability Company, | |
| Counterclaimant, | |
| v. | |

STIPULATION FOR PROTECTIVE ORDER

1  UNDEFEATED, INC., a California
2  Corporation, JOHN SOMMER, an
   individual, and DOES 1-10 inclusive,
3
                Courter-Defendants and
4               Cross-Defendants.

5

6

7

8  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

9          BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD

10 CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party

11 subject to this Order - including without limitation the parties to this action, their

12 representatives, agents, experts and consultants, all third parties providing

13 discovery in this action, and all other interested persons with actual or constructive

14 notice of this Order – shall adhere to the following terms:

15         1.      **Overview**: Any person or party subject to this Order who receives

16 from any other person or party any information of any kind provided in the course

17 of discovery in the action (hereinafter "Discovery Material") that is designated as

18 "Confidential" and/or "Confidential/Attorneys' Eyes Only" pursuant to the terms of

19 this Order (hereinafter, the "Confidential Information" or "Confidential Discovery

20 Material") shall not disclose such Confidential Information to anyone else except

21 as expressly permitted hereunder.

22         2.      **Material Designated As "Confidential"**: The person or party

23 disclosing or producing any given Discovery Material may designate as

24 "Confidential" such portion of such material as consists of any commercially

25 sensitive and/or confidential financial or business information, such as purchase

26 records, sales records, item profitability reports, and pricing methods. The parties,

27 or some of them, request protection of such information on the grounds that said

28 information is not ordinarily available to the public, that said information, if

STIPULATION FOR PROTECTIVE ORDER

1  disclosed, could be harmful to the parties, or any of them, that said information, if

2  disclosed, could be helpful to the competitors of the parties, or any of them, and

3  that said information therefore requires special protection from disclosure pursuant

4  to Fed. R. Civ. P. 26(c).

5          3.       **Disclosure Of "Confidential" Materials**: No person or party subject

6  to the Order other than the producing person or party shall disclose any of the

7  Discovery Material designated by the producing person or party as "Confidential"

8  to any other person whomsoever, except to:

9          (a)      the parties to this action and Protective Order, including their

10                  employees and former employees;

11         (b)      in-house (or corporate) legal counsel, and outside attorneys retained

12                  specifically for this action, and fellow employees of each such

13                  attorneys' law firms to whom it is reasonably necessary to disclose

14                  such Confidential Discovery Material;

15         (c)      its author, its addressee, and any other person indicated on the face of

16                  the document as having received a copy;

17         (d)      any employee or agent, or former employee or agent, of any sender or

18                  recipient of the document (e.g. where a Purchase Order from

19                  Company A to Company B is produced in litigation by Company A,

20                  said document may be disclosed to employees or agents of Company

21                  B under the terms of this Protective Order);

22         (e)      any person retained by a party to serve as an expert witness or

23                  otherwise providing specialized advice to counsel in connection with

24                  this action, provided such person has first executed a Non-Disclosure

25                  Agreement in the form annexed as Exhibit A hereto;

26         (f)      stenographers engaged to transcribe depositions conducted in this

27                  action and their support personnel; and

28         (g)      the Court and its support personnel;

STIPULATION FOR PROTECTIVE ORDER
3

1      (h)    any mediator or settlement officer, whom the parties have elected or

2             consented to participate in the case.

3      (i)    as required by law or court order upon notice to the designating party

4             sufficiently in advance of such disclosure to permit it to seek a

5             protective order.

6      4.     **Material Designated As "Confidential/Attorneys' Eyes Only"**: The

7  person or party disclosing or producing any given Discovery Material may

8  designate material as "Confidential/Attorneys' Eyes Only" only if (a) the material

9  meets the definition of Confidential, pursuant to Section 2 above, and (b) another

10 party is a direct competitor, or a potential supplier, or direct customer of that party.

11     5.     **Disclosure Of "Confidential/Attorneys' Eyes Only" Material**: No

12 person or party subject to this Order other than the producing person or party shall

13 disclose any of the Discovery Material designated by the producing person or party

14 as "Confidential/Attorneys' Eyes Only" to any other person whomsoever, except

15 to:

16     a)     outside attorneys retained specifically for this action, and fellow

17            employees of each such attorneys' law firms to whom it is reasonably

18            necessary to disclose such Confidential Discovery Material;

19     b)     b) outside experts and outside consultants (including their employees

20            or clerical assistants) who are employed, retained or otherwise

21            consulted by a party or its attorneys for the purpose of analyzing data,

22            conducting studies or providing opinions to assist, in any way, in this

23            litigation and to whom it is reasonably necessary to disclose such

24            Confidential Discovery Material, provided such person has first

25            executed a Non-Disclosure Agreement in the form annexed as Exhibit

26            A hereto;

27     c)     the party producing said documents and persons affiliated with the

28            party producing said documents, including the producing party's

STIPULATION FOR PROTECTIVE ORDER

4

1      employees and former employees (provided such former employee

2      has first executed a Non-Disclosure Agreement in the form annexed

3      as Exhibit A hereto), during the time they are testifying in deposition

4      or at trial, or in connection with written discovery requests;

5      d)    Any employee or agent of any sender or recipient of the document

6      (e.g. where a Purchase Order from Company A to Company B is

7      produced in litigation by Company A, said document may be

8      disclosed to employees or agents of Company B under the terms of

9      this Protective Order).

10      e)    stenographers engaged to transcribe depositions conducted in this

11      action;

12      f)    the Court and its support personnel;

13      g)    any mediator or settlement officer, whom the parties have elected or

14      consented to participate in the case; and/or

15      h)    as required by law or court order upon notice to the designating party

16      sufficiently in advance of such disclosure to permit it to seek a

17      protective order.

18      6.    **Deposition Transcripts**: With respect to the Confidential portion(s)

19 of any Discovery material other than deposition transcripts and exhibits, the

20 producing person or party or that person's or party's counsel may designate such

21 portion(s) as "Confidential" or "Confidential /Attorneys' Eyes Only" by stamping

22 or otherwise clearly marking as "Confidential" or "Confidential/Attorneys' Eyes

23 Only" the protected portion(s) in a manner that will not interfere with its legibility

24 or audibility.  With respect to deposition transcripts and exhibits, a producing

25 person or party or that person or party's counsel may indicate on the record that a

26 question calls for Confidential Information, in which case the transcript of the

27 designated testimony shall be bound in a separate volume and marked

28 "Confidential Information Governed by Protective Order" by the reporter.

STIPULATION FOR PROTECTIVE ORDER

1    7.    **Documents Under Seal**: The designation of documents or
2  information as "Confidential" or "Confidential/Attorneys' Eyes Only" creates no
3  entitlement to file such documents or information under seal. Civil Local Rule 79-5
4  sets forth the procedures that must be followed and reflects the standards that will
5  be applied when a party seeks permission from the court to file materials under
6  seal.

7    8.    **Separate Non-Disclosure Agreements**: Prior to any disclosure of any
8  Confidential Discovery Material to any person referred to in paragraph 3a, 3b, 3e,
9  5a, 5b, and/or 5c above, such person shall be provided by counsel with a copy of
10  this Protective Order and shall sign a Non-Disclosure Agreement in the form
11  reflected in Exhibit A hereto. Said counsel shall retain each signed Non-Disclosure
12  Agreement, and upon request produce it to opposing counsel either prior to such
13  person being permitted to testify (at deposition or trial).

14    9.    **Failure To Designate**: If at any time prior to the trial of this action, a
15  producing person or party realizes that some portion(s) of Discovery Material that
16  that person or party previously produced without limitation, or without adequate
17  limitation, should be designated as "Confidential" and/or "Confidential /Attorneys'
18  Eyes Only", that person or party may so designate by so apprising all parties in
19  writing, and providing said parties with appropriately marked copies of said
20  Discovery Material, where possible, and such designated portion(s) of the
21  Discovery Material will thereafter be treated as "Confidential" and/or
22  "Confidential/Attorneys' Eyes Only" under the terms of this Order.

23    10.    **Designations In Good Faith**: "Confidential" and/or
24  "Confidential/Attorneys' Eyes Only" material shall only include information which
25  the designating party in good faith believes will, if disclosed, have the effect of
26  causing harm to its competitive position. "Confidential" and/or
27  "Confidential/Attorneys' Eyes Only" material shall not include information that (a)
28  was, is or becomes public knowledge, not in violation of this Protective Order or

STIPULATION FOR PROTECTIVE ORDER

1    any other obligation of confidentiality, or (b) was or is acquired from a third party

2    having no direct or indirect obligation of confidentiality to the designating party.

3        11.    **Objections To Designations**: Any party who either objects to any

4    designation of confidentiality, or who, by contrast, requests still further limits on

5    disclosure (such as in camera review in extraordinary circumstances), may at any

6    time prior to the trial of this action serve upon counsel for the designating person

7    or party a written notice stating with particularity the grounds of the objection or

8    request. If agreement cannot be reached promptly, counsel for the objecting party

9    may seek appropriate relief from the Court in accordance with Local Rule 37 and

10   the party asserting confidentiality shall have the burden of proving same. If a party

11   disagrees with or challenges the grounds or basis for the designation of any

12   document or information as Confidential Material, that party nevertheless shall

13   treat and protect such material as Confidential Material in accordance with this

14   Protective Order unless and until all involved parties shall have agreed in writing,

15   or an order of the Court shall have been entered, that provides that such challenged

16   Confidential Material may be used or disclosed in a manner different from that

17   specified for Confidential Material in this Protective Order.

18       12.    **Use At Trial**: Documents designated "Confidential" and/or

19   "Confidential/Attorneys' Eyes Only" may be used by any party without limitation

20   at trial. However, any party who wishes to have such documents treated as

21   "Confidential" and/or "Confidential/Attorneys' Eyes Only" may renew their request

22   for confidentiality before the trial judge at the status conference, through a motion

23   *in limine* and/or as may be otherwise permitted by the court.

24       13.    **Continuing Jurisdiction**: This Court shall retain jurisdiction over all

25   persons subject to this Order to the extent necessary to enforce any obligations

26   arising hereunder or to impose sanctions for any contempt thereof.

27       14.    **Obligations Upon Termination Of Litigation**: This Protective Order

28   shall survive the termination of the litigation. Within 30 days of the final

STIPULATION FOR PROTECTIVE ORDER

7

1 disposition of this action, including all appeals, all Discovery Materials designated

2 as "Confidential," and/or "Confidential/Attorneys' Eyes Only" and all copies

3 thereof, that have not been annotated, illuminated or otherwise "marked-up" shall

4 be promptly returned to the producing person or party (at the producing person's

5 expense), if requested in writing by the producing party or shall be destroyed. All

6 documents marked "Confidential," and/or "Confidential/Attorneys' Eyes Only" that

7 have been annotated, illuminated or otherwise "marked-up" shall not be returned,

8 but shall be destroyed.

9          15.     **Further Modifications**: Any party to this action, and any third party

10 producer may, at any time, request the modification of this Protective Order, upon

11 a noticed motion, unless emergency relief is appropriate, and upon a showing of

12 good cause.

13          IT IS SO ORDERED.

14

15 Date:  January 23, 2013          _____

16                                         Hon. Percy Anderson
                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER
8

1

## **EXHIBIT A**

2

NON-DISCLOSURE AGREEMENT

3      I understand that access to information designated as CONFIDENTIAL or

4 CONFIDENTIAL/ATTORNEYS' EYES ONLY is provided to me under the terms

5 and restrictions of a Protective Order. I have received a copy of the Protective

6 Order, have read it, and agree to be bound by its terms. I will not mention,

7 disclose, or use information designated as CONFIDENTIAL INFORMATION or

8 CONFIDENTIAL/ATTORNEYS' EYES ONLY that is provided to me in

9 connection with this action except as permitted by the Protective Order.

10

11 Dated: _____

12

13 Signature: _____

14

15 Print Name: _____

16

17 Title: _____

18

19 Company: _____

20

21

22

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER

9